UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSE CARRION, | ) | CASE NO. 1:09 CV 1437 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| LINDA JANE, et al., | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On June 24, 2009, petitioner Jose Carrion filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Carrion is incarcerated in an Ohio penal institution, having been convicted of numerous offenses. In his petition, he claims the State of Ohio lacks authority to continue to hold him in prison. He asks that his "parole...be discontinue[d] as it is without authority." (Pet. at 13.) He also requests that he be "release[d] from any further obligation to the State of Ohio as it relates to the underlying case." (Pet. at 13.) For the reasons stated below, the petition is denied, and this action is dismissed.

**Background**

Mr. Carrion was convicted in 2000 on two counts of theft with specifications. He was sentenced on June 16, 2000 to two consecutive terms of 4 to 10 years. The court suspended

his sentence of imprisonment and placed him on probation for three years.  See Carrion v. Wilson, No. 1:04 CV 442 (N.D. Ohio filed Mar. 4, 2004)(Wells, J.)  He was arrested two years later.  He was found to be in violation of his probation and the original sentence of 8 to 20 years was imposed on February 27, 2002.  He filed a Petition for a Writ of Habeas Corpus on March 4, 2004 contesting his conviction.  See Id.  The court determined Mr. Carrion procedurally defaulted on his claims and denied the writ.  He was eventually released on parole.

Mr. Carrion was arrested again in 2007 and charged with drug possession.  He pled guilty to the charges and was sentenced on October 29, 2007 to 7 months incarceration, less 175 days jail time credit.  He was also sentenced to a consecutive term of one month incarceration for violation of parole.  His sentence on drug possession was to run to consecutive to the sentence he received for the parole violation.  The sentencing Order did not specify how the new sentences would run with the remaining sentence for theft conviction in 2000.

Mr. Carrion believed he completed his new sentence on January 2, 2008.  The Ohio Parole Board conducted a hearing on January 14, 2008 and determined he should serve a total of 8 months before release on parole.  His projected parole date was set for May 2008.  Mr. Carrion filed a Petition for a Writ of Habeas Corpus in the Ohio Supreme Court claiming he was being held beyond the expiration of his sentence. The Ohio Supreme Court granted certiorari on April 9, 2008.  The State of Ohio filed its Return of Writ on April 30, 2008.  Mr. Carrion was released on parole on May 8, 2008 to the Oriana House Community Corrections and Treatment Center.  Because he was now on parole, the State of Ohio filed a Motion to Dismiss Mr. Carrion's petition in the Ohio Supreme Court.

Pursuant to Rules of Practice for the Ohio Supreme Court, Mr. Carrion's replies to

the Return of Writ and the Motion to Dismiss were due on May 22, 2008 and May 27, 2008 respectively.  The day before his reply to the Return of Writ was due, Mr. Carrion handed the mailing to a case worker at Oriana House and asked him to mail it.  He handed his reply to the Motion to Dismiss to the same case worker on May 23, 2008.  Both mailings arrived at the Ohio Supreme Court on May 30, 2008.  Because they were received after the filing deadline, they were returned to Mr. Carrion.  The Motion to Dismiss was granted by the Ohio Supreme Court on July 9, 2008.

Mr. Carrion was arrested on November 3, 2008 and charged with Burglary and Robbery. He pled guilty to burglary on June 18, 2009 in exchange for the State's agreement to dismiss the robbery charge.  He was sentenced on July 24, 2009 to two years incarceration followed by three years of post release control.

This Petition for a Writ of Habeas Corpus was filed on June 24, 2009, six days after his conviction for burglary.  As grounds for the Petition, Mr. Carrion claims he is being unlawfully restrained of his liberty.  He claims he is no longer subject to the 8 to 40 year sentence he received for his conviction on theft charges in 2000.  It is not clear how he arrives at this conclusion.  It appears he is asserting that because the remaining portion of the sentence for theft was not mentioned by the court at sentencing for the 2007 drug offense, the State forfeited its right to continue to impose that sentence on him.  He further contends he also completed his sentence for drug possession on January 2, 2008.  He asserts the defendants had no authority to incarcerate him beyond this date or to subject him to any type of conditional release.  He asks this court to abolish his parole status, and release him from custody and from all further obligations to the State of Ohio.

**Analysis**

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). The claim must also be presented to the state courts under the same theory in which it is later presented in federal court. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

As an initial matter, it is not clear which conviction Mr. Carrion is contesting, nor has he asserted that he is in custody in violation of the Constitution, laws, or treaties of the United States. He provides the Court with a narrative of the history of his convictions and incarcerations, and then asserts he is entitled to be released. Principles requiring generous construction of pro se

4

pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate.  Mr. Carrion has not set forth legal grounds for relief.

## Conclusion

Accordingly, the Petition is denied and this action is dismissed with prejudice with respect to his convictions in 2000 and 2007 pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  The Petition is dismissed without prejudice for any claims he may assert which arise solely from his 2009 conviction for burglary.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                                                     S/Peter C. Economus - 10/20/09  
                                                                     PETER C. ECONOMUS  
                                                                     UNITED STATES DISTRICT JUDGE